PEDRO PÉREZ ET AL., ETC., Plaintiffs and Appellants, *v.* FRANCISCO GARCÍA FERNÁNDEZ, Defendant and Appellee.

No. 5148. Argued February 10, 1931.—Decided June 24, 1932.

*R. Arjona Siaca* and *R. Atiles Moreu* for appellants. *Felipe Colón Díaz* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The appellants herein, as parents, and on behalf of their acknowledged natural daughter, Ana Delia Pérez Plata, a minor, brought an action against Francisco García Fernández to recover damages for injuries inflicted upon her by

an automobile used in the business of the defendant and driven at the time by his nephew, Alfredo Fernández Vidal.

In the statement of the case and opinion, wherein the lower court based its judgment in favor of the defendant, it is declared that the main question in the instant case is whether it has been satisfactorily proved that Alfredo Fernández Vidal was an employee or agent of the defendant on the date the accident occurred, and if so, whether he was acting within the scope of his employment. The court went on to say that the testimony given by the witnesses for both parties was conflicting, and that the witnesses for the plaintiffs have not satisfied nor convinced the court that their testimony was sufficient in law to establish the relationship of principal and agent. Then it set forth a summary of the testimony given by each witness, analyzed the same in connection with other evidence introduced, and concluded by saying that, since it had not been proved that Alfredo Fernández was the servant or agent of the defendant on the day that the accident in question occurred, it was superfluous to analyze the evidence in regard to the manner in which the accident occurred; although it did not hesitate to state that Alfredo Fernández was negligent in the operation of the automobile and that he was the only person responsible for the injuries caused to the minor Ana Delia Pérez Plata; but that that negligence could not be imputed to the defendant.

Although the appellants assign two errors in their brief in support of the appeal, they admit the existence of only one that is fundamental, namely, the one claimed to have been committed by the court in holding that the existence of the relationship of master and servant between the defendant and Alfredo Fernández Vidal had not been proved; and in having relied on decisions which have no application to the facts proved.

The accident for which damages are claimed in the case at bar took place on December 29, 1927, and on that date, and for several years previous, the defendant had in Ponce

an establishment for the preparation and sale of roasted coffee. At that time he was the private owner of a blue Cadillac automobile. On that day, and while Alfredo Fernández was driving said automobile, the girl in whose name the suit is brought was struck by said vehicle on the road from Juana Díaz to Ponce at a place known as Coto Laurel, and she was injured.

In order to prove that the defendant's blue Cadillac automobile was not devoted exclusively to the use of his family, the plaintiffs offered in evidence the testimony of Carlos Cordero who testified that the defendant transported coffins in said automobile, as he did for the funeral of Teresa Negrón, an aunt of the witness who had died about two years previously. That he did the same thing for his relative Ramón Cordero Matos who died on or about the same date, and for the funeral of the father of Attorney Manuel Toro. To contradict the testimony of that witness the defendant introduced in evidence certificates crediting that Teresa Negrón had died on August 29, 1926 and Ramón Cordero Matos on January 6, 1927, and further proved that he purchased said blue automobile subsequently, to wit, on October 17, 1927, which fact was admitted by the plaintiffs.

In order to prove the relationship of principal and agent between the defendant and Alfredo Fernández, the plaintiffs offered the testimony of three witnesses who substantially testified as follows:

Agustín Rodríguez Torres testified that he is a merchant at Coto Laurel; that he knows the defendant from whom he thinks he has purchased roasted and ground coffee for two years; that on some occasions the defendant has gone to his establishment; that on December 29, 1927 he did not go but a young fellow whose name he does not recall went in his stead to sell him coffee; after stating that he thought he was selling the defendant's coffee, he asserted categorically that he came in behalf of the defendant, adding that he believed that it belonged to the defendant because it was the

same business; that his business was with the defendant; that he had no business with the young fellow; that the young fellow went there in a large car which he thinks was blue; that it appears to him that that young man was in his store on previous occasions; this answer was objected to and he asserted that he had been there; that sometimes it was the defendant who came and other times it was the young fellow, to whom he would pay; that the other times he went there he traveled in a small carriage drawn by a horse and with a poster reading, he does not remember whether, "Yaucosí" or "Yaucono"; that on December 29, 1927, was the only time that he went in the car and that he does not remember how long it was since the defendant had not been there.

Isidoro León Ramos testified that he was a merchant at Callabo, Juana Díaz, in the "*carretera central*" (central road) leading from there to Ponce; that he purchased roasted coffee from the defendant since 1917 or 1918; that a young fellow by the name of Alfredo Fernández was the one who brought him the coffee, on December 27, 1927; that he had been bringing it for a long time; that he does not know whether he brought it on his own account or for the defendant and that on that day he went in an automobile while other times he went in a horse and buggy.

Leocadio Rodríguez Torres testified that he was a merchant of Coto Laurel; that in 1927 he purchased coffee, first from an employee whose name he could not remember, then from the defendant, and afterwards from Alfredo Fernández, and that the defendant came at times to bring him the coffee; that he never had direct or private coffee deals with Alfredo Fernández; that the latter was in front of his establishment on December 29, 1927, in a blue car; that at other times the defendant went in that same car; that he thinks that after that date another employee of the defendant came with the coffee in a horse and buggy; that he thinks that he has not purchased any more coffee since the beginning of 1928; that he is certain that Alfredo Fernández came as an employee

of the defendant because on different occasions the defendant himself would come to bring him the coffee; that he does not remember when he started purchasing coffee from the defendant but thereafter stated that he purchased it from him about one year before; that he thinks that on or about 1925 he began purchasing coffee from the defendant; he then said that one year previous to the accident he began purchasing coffee from the defendant and afterwards from Alfredo Fernández, who went there ten or twelve times before the accident, and every time in an automobile; that when he started purchasing coffee it was from an employee of the defendant whose name he can not remember, from whom he bought many times and to whom he would pay; that he went in a horse and buggy; after buying from that employee he purchased it from Alfredo Fernández and at other times from the defendant, and he was unable to state when he did so from the latter; that at first he did not buy from the defendant but from one of his employees, and he knows it because the coffee was ''Yaucosí,'' which belongs to the defendant; that written on the buggy was ''Yaucosí'' of García or something to that effect, but later testified that it was ''Yaucosí''; that he concluded that he was purchasing from an employee of the defendant because the car had a poster reading ''Yaucosí'' and underneath the name of the defendant, García; that he can not recall the name of García written on the buggy nor the year he began buying from him; after buying from said employee he bought from Alfredo Fernández from twelve to twenty times; that Alfredo Fernández always went in a blue car; that he can not state the date when the defendant went with the coffee; that when Fernández did not go the defendant would; upon being asked on what date did the defendant go there, he answered 1928 or 1927, and was unable to ascertain the month, but said that it was several months previous to December 29, 1927; that from that date on he purchased from another employee he does not know; that he can remember the name of Alfredo Fernández but not that

of the other employees because he was more friendly with the former; that he was not very friendly with him but more than with the rest; that he asked him to take him to Juana Díaz on a laborable day where he went for a walk; that he is a merchant but that he has a clerk, and that he purchased coffee once a week.

The last one of these witnesses did not merit the credit of the court, as stated in its opinion, because of the manner in which he testified, the way he had of expressing himself, the interest he displayed and because of the exaggerations in his testimony.

The defendant testified that he entered the retail coffee business in 1920, and that from January 1927 on, he was engaged exclusively in the wholesale trade with the persons who customarily made purchases at his establishment; that the Cadillac automobile in question was purchased by his wife and he has never used it to sell coffee; that on December 29, his relative by marriage, Alfredo Fernández, took the car without his permission and while the witness was away from the house, and that upon returning to it he learned of the accident; that he has never carried coffins in said car because he has a special car for that purpose; that Alfredo Fernández lived with him but was never his employee; that when the witness closed his wholesale business, Alfredo Fernández purchased the horse and buggy from him and sold coffee to the stores on his own account.

The witness Wenceslao Román testified that he was a trafficker in roasted coffee in Ponce, and stated that the defendant discontinued the retail sale of coffee on January or February, 1927; that he never saw the Cadillac automobile being used for the defendant's business, and that Alfredo Fernández told him that he purchased roasted coffee from the defendant to retail it thereafter.

Juan Pérez, also a merchant of Ponce, purchased roasted coffee from the defendant for about seven or eight years, and testified that from January 1927 Alfredo Fernández began

to deliver him the coffee and upon asking him whose coffee was it, he answered that he was selling it on his own account; that once he ordered coffee from the defendant but he answered that now he was selling it only at wholesale.

José Fernández, merchant of Ponce, testified that he was an uncle of Alfredo Fernández who in 1927 sold him coffee, and that once he told him that he purchased it from defendant García.

Cristino Renta, a merchant also, testified that at first, during 1925 or 1926, he purchased coffee from the defendant and thereafter from Alfredo Fernández who always brought it in a horse and buggy, and only once, the day of the accident, he brought it in a car.

Ermelindo Auffant testified that he was a friend of Alfredo Fernández, who told him that he purchased coffee from the defendant to sell it afterwards and make a few dollars.

Other evidence that was introduced has no bearing on the instant case.

Section 1803 of the Civil Code provides that a person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done; and section 1804 provides that the obligation imposed by the preceding section is demandable, not only for personal acts or omissions, but also for those of the persons for whom they should be responsible; and one of the paragraphs further states that owners or directors of an establishment or enterprise are equally liable for damages caused by their employees in the service of the branches in which the latter may be employed or on account of their duties. The complaint is based on these grounds, since it was not the defendant but Alfredo Fernández the one who caused the injuries for which damages are claimed, and, hence, the issue in controversy is whether Alfredo Fernández was a servant or employee of the defendant in his roasted-coffee business, as salesman, on the date of the accident, and whether he was acting within the scope of his employment.

It is incumbent on the plaintiff to prove the existence of the relationship of principal and agent. *Colón* v. *Schlüter & Co., Ltd.,* 27 P.R.R. 774. And also that when the agent causes the damage he is discharging his principal's orders, or as stated in our Civil Code, he is in the service of the branch in which he is employed or in the performance of his duty.

The evidence offered in the case at bar was conflicting in respect to whether the private blue Cadillac to which the evidence refers was not devoted exclusively to the use of the family, but was also used in the business of the appellee, such as for the transportation of coffins and for the retail sale of roasted coffee. This conflict was decided by the lower court against the appellants, and we can not say that the court erred in so doing since the preponderance of the evidence justifies that conclusion. We must bear in mind also that it was clearly shown that the appellee was not the owner of the car on the date that the plaintiffs' witness, Carlos Cordero, stated that it was being used by the appellee for the transportation of coffins.

The other evidence to the effect that Alfredo Fernández was an employee of the defendant in the sale of coffee, and that in the discharge of the duties of said employment or agency he injured the plaintiff, Ana Delia Pérez, was considered insufficient by the lower court to sustain said conclusion; and we think that there was no error in such weighing because aside from the fact that the court gave no credit to the testimony of Leocadio Rodríguez Torres for the reasons assigned in its opinion and which we have already copied, the other two witnesses, Agustín Rodríguez and Isidoro León Ramos, testified in such a way, as appears from the transcript of the evidence that we have before us, that it leads us to the conclusion that they did not positively know whether Alfredo Fernández was an employee of the defendant, but that they infer it or suppose it from the fact that having first purchased coffee from the defendant, it was

Fernández who brought it to them in 1927; the more so, since from the other evidence it has been proved that at the beginning of that year the defendant discontinued the retail sale of roasted coffee, devoting himself exclusively to the wholesale trade in his establishment, and that thereafter his nephew purchased coffee from him to retail it on his own account.

The case of *Sánchez* v. *Asiatic Petroleum Co.*, 40 P. R.R. 98, cited by the appellants, to the effect that, where a person or his property is negligently injured on the highway by a vehicle belonging to a business or undertaking, the injured party is not required to prove directly that the vehicle was being operated at the time by an employee of such business or undertaking or that such employee was acting within the scope of his employment, has no application to the case at bar because in that case we were dealing with a tank-truck used for the transportation of' gasoline and with the name of the corporation, The Asiatic Petroleum Company, painted there on, and the company had the truck registered in its name in the Department of the Interior. For that reason we arrived at the conclusion that the presumption arose that the truck was being driven by an employee in the discharge of his duties to his principal; while in the instant case the car that caused the damage had no inscription or advertisement of any sort, as in the case cited, nor was it proved that it was registered in the name of the defendant's business, but on the contrary, evidence was introduced to the effect that it was not used in that business.

Lastly, we will say that Pedro Pérez and Felícita Plata, in order to prove that they are the parents of the minor in whose name they brought suit, and that she is their acknowledged natural child, offered in evidence a certificate from the civil register of the birth of said minor, which is not a literal copy of said entry but an abstract thereof made by the secretary. The defendant objected to the admission in evidence of said document on that ground, and the other

party offered to bring a birth certificate of the child literally transcribed, but failed to do so. We have heretofore held that the clerks can only certify literal copies of the documents in their custody, and that they are not authorized to issue certificates in narrative form, for which reason the plaintiffs have not proved their capacity to sue in the name of the injured girl.

The judgment appealed from should be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.